IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO EDWARDS       :
                      :
   v.                 :   Civil Action No. DKC 16-3283
                          Criminal No. DKC 13-0650-003
                      :
UNITED STATES OF AMERICA
                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to vacate sentence filed by Petitioner Antonio Edwards ("Petitioner"). (ECF No. 299). Petitioner has since filed three supplements to his motion to vacate sentence. (ECF Nos. 322; 333; 342). For the following reasons, the motion and first supplement will be denied and the additional supplements will be dismissed as untimely.

**I.  Background**

On June 27, 2014, Petitioner was convicted by jury of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) ("Count 1"), conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 ("Count 2"), conspiracy to possess a firearm in furtherance of a drug trafficking crime and crime of violence in violation of 18 U.S.C. § 924(o) ("Count 3"), possession of a firearm in furtherance of a drug trafficking crime and crime of violence in violation of

18 U.S.C. § 924(c) ("Count 4"), and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) ("Count 5"). On October 1, Petitioner was sentenced to 240 months imprisonment, consisting of 180 months on Counts 1, 2, 3, and 5, concurrent, and a consecutive 60 months on Count 4. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, and his conviction was affirmed on April 19, 2016. *United States v. Hare,* 820 F.3d 93 (4th Cir. 2016).[1] Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Accordingly, Petitioner's convictions became final on July 18, 2016. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction[]" – *i.e.*, "90 days after entry of the Court of Appeals' judgment[]").

On September 29, 2016, Petitioner filed the pending motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 299). The government was directed to respond to the motion and did so on February 7, 2017. (ECF No. 308). Petitioner replied on March 20. (ECF No. 311). Petitioner has since filed three supplements to

---

[1] Mr. Hare was a co-defendant whose appeal was decided along with Petitioner's.

his motion to vacate sentence. (ECF Nos. 322 (July 10, 2017); 333 (December 6, 2017); 342 (May 24, 2018)).

**II. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

**III. Analysis**

    **A.   Original Motion to Vacate Sentence**

Petitioner moves to vacate his sentence on the grounds of (1) ineffective assistance of counsel, (2) court error, (3) prosecutorial misconduct, and (4) constitutional error in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

    **1.   Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell

below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688–89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *Strickland*, 466 U.S. at 697. To demonstrate actual prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Although Petitioner states that "[a]ll three attorneys were ineffective to [him] in some way" (ECF No. 299, at 5), Petitioner only alleges deficiencies in the performance of his appellate counsel, Jonathan Gladstone, who helped prepare the consolidated opening brief (ECF No. 299-1, at 16-17).[2] Petitioner argues that

---

[2] Petitioner states, "The ineffectiveness of Mr. McCants is all so different[,]" without providing any facts for the court to evaluate Petitioner's ineffective assistance claim regarding Mr. McCants. (ECF No. 299-1, at 17).

4

Mr. Gladstone "went against [Petitioner's] expressed instructions and filed an opening brief without notifying [Petitioner] or allowing [Petitioner] to submit any input on what [Petitioner] thinks the issues at trial that should have been addressed through the appeal process." (*Id.* at 16). As a result, Petitioner "[did] not get his issues in review on the guns that he didn't have knowledge of[,] the act of prejudice during the motions before trial[,] and several other issues that weren't addressed[.]" (*Id.* at 16-17).

The selection of which issues to present on appeal is, almost by its very nature, a strategic decision. *See Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) ("[A]ppellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle."); *Haynes v. United States*, 451 F.Supp.2d 713, 722 (D.Md. 2006) ("Limiting the issues to the stronger or strongest ones while winnowing out the weaker is sound appellate strategy."). "Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit, and [the court] must accord counsel the presumption that he decided which issues were most likely to afford relief on appeal." *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (quotation marks, brackets, and citations omitted). Consequently, while it is conceivably possible to bring an ineffective assistance claim

5

premised on an appellate counsel's failure to raise an issue, "it will be difficult." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quotation marks and brackets omitted). An ineffective assistance claim based on an ignored issue generally will only succeed "when ignored issues are clearly stronger than those presented[.]" *Lawrence*, 517 F.3d at 709.

That standard has not been met here. Appellate counsel raised several issues on appeal, making at least one argument of such strength that the Fourth Circuit addressed the appeal in a published opinion. Contrary to Petitioner's contention, appellate counsel did argue that there was no evidence that Petitioner was aware of the presence of guns to support his conviction for possession of firearms. Consolidated Opening Brief of Appellants, *United States v. Hare*, 2015 WL 1869623, at *66-70 (4th Cir. 2016). Additionally, appellate counsel argued that based on the decision of the Supreme Court in *Rosemond v. United States*, 134 S.Ct. 1240 (2014), this court's aiding and abetting instructions were erroneous because they did not require Petitioner to know in advance that guns would be involved in the robbery. Consolidated Opening Brief, at *58-66. In Mr. Gladstone's opinion, the *Rosemond* case "form[ed] the basis for one of the strongest arguments in the appeal." (ECF No. 308-1, at 3).

Petitioner states that there were "several other issues that weren't addressed" on appeal. (ECF No. 299-1, at 17). Mr.

6

Gladstone stated in his response to Petitioner's motion to substitute counsel that he "was not willing to make arguments which he believed were pointless and frivolous[]" and that "many of [Petitioner's] desired arguments [went] to [the] sufficiency of the evidence" which Mr. Gladstone "[did] not believe would be effective." (ECF No. 308-1, at 2). Mr. Gladstone did not render ineffective assistance in deciding to forego making likely fruitless arguments in favor of making other stronger arguments. *See, e.g.*, *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) ("Appellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit." (quotation marks and citation omitted)). Therefore, Plaintiff's ineffective assistance of counsel claim fails.

### 2. Court Error

Petitioner argues that the court erred by failing to grant his motion to sever "when there was clearly a *Bruton* issue between co-defendants[]" and by failing to grant his motion to suppress "the audio in the car[,]" which resulted in prejudice to Petitioner. (ECF No. 299, at 5). The government argues in response that "both of [Petitioner's] claims are procedurally defaulted because [Petitioner] could have, but failed to, raise the issue on direct appeal." (ECF No. 308, at 5).

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal,

7

> the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (internal citations omitted).

In his reply, Petitioner contends that he could not raise these issues on appeal due to ineffective assistance of his appellate counsel, Mr. Gladstone. (ECF No. 311, at 3). To establish cause for his default based upon ineffective assistance of counsel, Petitioner must show that Mr. Gladstone's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Mikalajunas*, 186 F.3d at 493. As considered above, Mr. Gladstone did not render ineffective assistance on appeal. Additionally, Petitioner has not shown by clear and convincing evidence that he is actually innocent of the crimes for which he was convicted. Therefore, Petitioner's claims are procedurally defaulted.

### 3. Prosecutorial Misconduct

Petitioner states a claim of prosecutorial misconduct, alleging Fifth Amendment and due process violations. (ECF No. 299, at 5). However, Petitioner does not specify what conduct violated his Fifth Amendment due process rights for the court to evaluate this claim.

### 4. *Johnson* Claim

Petitioner argues that in light of the Supreme Court's decision in *Johnson*, holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, the residual clause in § 924(c) is also unconstitutionally vague. (ECF No. 299-1, at 5-7). Additionally, Petitioner argues that Count 1 "does not qualify as a crime of violence under the ACCA clause." (*Id.* at 7).[3] As a result, Petitioner contends that his conviction and sentence for possession of a firearm in furtherance of a drug trafficking crime and crime of violence under § 924(c) and his career offender designation "violate due process of law." (*Id.* at 5).

The Fourth Circuit rejected both arguments on appeal:

> Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime. As the district court explained to the jury, Appellants could

---

[3] While a Hobbs Act Robbery qualifies as a crime of violence, *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), a conspiracy to commit a Hobbs Act Robbery does not. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019).

9

> be found liable if they possessed a gun either in furtherance of the crime of violence charged in Count 1 or in furtherance of the drug trafficking crime charged in Count 2. The special verdict form clearly shows that the jury found Appellants guilty of possessing a firearm in furtherance of both crimes. [] Thus, even assuming that a Hobbs Act robbery is not a crime of violence, Appellants' verdicts may be sustained because the jury found Appellants guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted in Count 2. *See United States v. Najjar*, 300 F.3d 466, 480 n.3 (4th Cir. 2002) (explaining that while "[a] general verdict . . . should be set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected[,] [s]pecial verdicts obviate this problem by allowing a court to determine upon what factual and legal basis the jury decided a given question" (quotation omitted)). Accordingly, we uphold Appellants' convictions.

*Hare*, 820 F.3d at 105-06.

Petitioner also appears to argue that his sentence was enhanced unconstitutionally under the residual clause of the ACCA. (ECF No. 299-1, at 8-12). The ACCA provides that a person convicted under 18 U.S.C. § 922(g) who has: "three previous convictions . . . for a violent felony or a serious drug offense . . . shall be fined under this title and imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1). In turn,

> "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—

10

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another ("Force Clause"); or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ("Enumerated Crimes Clause") or otherwise involves conduct that presents a serious potential risk of physical injury to another ("Residual Clause")[.]

§ 924(e)(1)(B). Without reaching the residual clause of the ACCA, Petitioner qualified as an armed career criminal because he had three previous convictions for felony drug offenses. (ECF No. 284, at 12-13). Therefore, Petitioner's sentence was properly enhanced.

### B. Supplements to Motion to Vacate Sentence

Petitioner filed supplements to his motion, two of them after the expiration of the one-year limitations period for filing a motion to vacate sentence. To be timely, a federal prisoner must file any motion to vacate, set aside, or correct his sentence, including any amendments, within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Although Petitioner refers to his filings as supplements pursuant to Fed.R.Civ.P. 15(d), Petitioner raises new claims in his supplements not raised in the original motion, and thus seeks to amend his original motion. As a result, the claims raised in Petitioner's later two supplements can only be considered if they relate back to Petitioner's original motion under Fed.R.Civ.P. 15(c)(1).

11

"The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)." *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000). Otherwise, "amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence." *Id.* "In evaluating a 'relation back' theory in the context of a § 2255 motion, courts look to see whether the petitioner's new claims and original claims 'arise from separate occurrences of "both time and type."'" *Anderson v. United States*, 468 F.Supp.2d 780, 784 (D.Md. 2007) (quoting *Pittman*, 209 F.3d at 318). "For the new claims to relate back to the original claims, they must arise from the 'same set of facts,' and the original motion must have put the government on notice of the theories asserted in the untimely filing." *Id.* (quoting *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999)).

Petitioner argues in his first supplement that "the Court should vacate Count 4 and remand for resentencing" because "[t]he verdict does not reveal whether the convictions were based upon an erroneous aider and abettor instruction (in light of *Rosemond*) or a *Pinkerton* instruction." (ECF No. 322, at 5-6). Petitioner's initial motion does not address this issue. Moreover, Petitioner raised the issue on appeal that this court's aiding and abetting

12

jury instruction was erroneous, which the Fourth Circuit rejected. *See Hare*, 820 F.3d at 105; *see also United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998) (holding that even assuming a given instruction was erroneous, the defendant must demonstrate that the erroneous instruction resulted in his conviction, not merely that it was impossible to tell under which prong the jury convicted). This argument presents no basis for relief.

In his second supplement, Petitioner claims that his designation as an armed career criminal and sentence enhancement under the ACCA were improper because he lacks three previous qualifying convictions. (ECF No. 333, at 4). This claim does not relate back to Petitioner's claim in his original motion that his sentence was enhanced unconstitutionally under the residual clause of the ACCA in light of *Johnson* and will not be considered.[4] Additionally, Petitioner's claims that the court erred by instructing the jury on *Pinkerton* liability and that counsel was ineffective for raising this issue on appeal do not relate back to his original motion and thus are untimely.[5]

---

[4] Petitioner raises this claim again in his third supplement. (ECF No. 342, at 5-6). It will be dismissed for the same reason.

[5] Petitioner challenges the determination by the Fourth Circuit that even if the court's aiding and abetting instructions were erroneous, Petitioner's conviction could still be sustained under the *Pinkerton* theory of liability. (ECF No. 333, at 6). Petitioner contends that his conviction could not be sustained under the *Pinkerton* theory of liability because a government agent testified at trial that Petitioner never agreed to be a participant

13

The claims raised in Petitioner's third supplement do not relate back to any in his original motion and thus are untimely. Petitioner attempts to avoid the statute of limitations bar by bringing a claim that in light of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), his sentence enhancement pursuant to the ACCA is also unconstitutional.[6] (ECF No. 342, at 6-8). In *Dimaya*, 138 S.Ct. at 1210–11, the Supreme Court held that in light of its decision in *Johnson* that the residual clause in the ACCA is unconstitutionally vague, the residual clause in section 16(b) of the Immigration and Nationality Act ("INA") is also unconstitutionally vague. Petitioner was not convicted under the INA and thus *Dimaya* does not recognize a right that may be asserted by Petitioner. Moreover, as previously discussed, without reaching the residual clause of the ACCA, Petitioner qualified as an armed career criminal because he had three previous convictions

---

in the robbery of the stash house, thus he could not be a co-conspirator subject to liability under *Pinkerton*. (*Id.* at 7). It appears that Petitioner's argument is that the court erred by instructing the jury on *Pinkerton* liability and counsel was ineffective for failing to raise this issue on appeal when counsel raised the issue that the court's aiding and abetting instructions were erroneous.

[6] Pursuant to § 2255(f)(3) the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

for felony drug offenses and his sentence was appropriately enhanced. Thus, Petitioner's claim in light of *Dimaya* fails.

**IV. Conclusion**

For the foregoing reasons, the motion to vacate sentence and first supplement filed by Petitioner Antonio Edwards will be denied, and the two latest supplements will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

(2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability. A separate order will follow.

                                                                              /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge